# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3873

_____

United States of America,

        Appellee,

v.

Jose Luis Padilla,

        Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Northern District of Iowa.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: November 4, 2004
Filed: May 24, 2005

_____

Before BYE, MELLOY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Jose Luis Padilla pled guilty to conspiracy to distribute, and possession with intent to distribute, more than 500 grams of a substance containing methamphetamine. A presentence investigation report ("PSR") prepared by the United States Probation Office recommended a base offense level of 38, based on a drug quantity of 22.68 kilograms of methamphetamine mixture, USSG § 2D1.1(c)(1), and a two-level adjustment for Padilla's role in the offense, based on his supervision of two co-conspirators. USSG § 3B1.1(c). Over Padilla's objection to the sufficiency

of the evidence on role in the offense, the district court[1] adopted the recommendations of the PSR, and Padilla was sentenced to 210 months' imprisonment.

Padilla does not challenge the district court's guideline computations based on sufficiency of the evidence, but he appeals the adjustment for role in the offense and the finding of drug quantity on constitutional grounds. For the first time on appeal, he cites *Apprendi v. New Jersey*, 530 U.S. 466 (2000), for the proposition that the district court should not have relied on findings of drug quantity or role in the offense because these matters were not proved beyond a reasonable doubt. He also moves for new counsel. In a pro se supplemental brief, which he has tendered along with a motion to file the brief, Padilla further argues that his sentence should be vacated in light of *Blakely v. Washington,* 124 S. Ct. 2531 (2004), because the drug quantity and role adjustment were neither submitted to a jury nor admitted by him.

In light of *United States v. Booker*, 125 S. Ct. 738, 756 (2005), we agree with Padilla that the district court's application of mandatory sentencing guidelines, combined with its findings concerning drug quantity and role in the offense, was contrary to the Sixth Amendment as applied in *Booker*. Padilla did not raise a Sixth Amendment objection in the district court, however, and we thus review his sentence under the plain error standard. *United States v. Pirani*, No. 03-2871, slip op. at 11 (8th Cir. April 29, 2005) (en banc). We do not believe, based on the record as a whole, that there is a "reasonable probability" that Padilla would have received a more favorable sentence if the district court had applied the advisory guideline regime announced in *Booker*. Although Padilla received a sentence at the low end of the applicable guideline range, that alone is insufficient to demonstrate a reasonable probability. *See Pirani*, No. 03-2871, slip op. at 12. We do not find an indication in the record that the court was inclined to impose a shorter term of imprisonment or that

_____

[1]The Honorable Mark W. Bennett, Chief Judge of the United States District Court for the Northern District of Iowa.

a reduced sentence under the advisory guideline regime is reasonably probable under the circumstances. "'[W]here the effect of the error on the result in the district court is uncertain or indeterminate – where we would have to speculate – the appellant has not met his burden of showing a reasonable probability that the result would have been different but for the error.'" *Id.* at 13 (quoting *United States v. Rodriguez*, 398 F.3d 1291, 1301 (11th Cir. 2005)).

Padilla's motion to file a pro se brief is granted, and Padilla's renewed motion for appointment of different counsel is denied. The judgment of the district court is affirmed.

_____